NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MADELEINE BARLOW, | No. 21-35397 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-05186-BHS |
| v. | |
| STATE OF WASHINGTON, DBA Washington State University, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted April 12, 2022
Seattle, Washington

Before: BOGGS,[**] HURWITZ, and SUNG, Circuit Judges.

Madeleine Barlow appeals the district court's grant of summary judgment to

defendant University of Washington (University) on her Title IX and state-law

negligence claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

COA

de novo a district court's grant of summary judgment. *Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1104 (9th Cir. 2020). We affirm the summary judgment dismissing Barlow's Title IX claim. In a companion published order, we certify to the Washington State Supreme Court the remaining dispositive question of state law before us, namely whether the University owed Barlow a duty in negligence. We summarize the facts underlying this case in that order.

Barlow asserts what we have referred to as a "pre-assault" claim under Title IX. *Id.* at 1111–12 (recognizing pre-assault claim as a cognizable theory of Title IX liability). To prevail on a pre-assault claim, Barlow must show that (1) the University maintained a policy of deliberate indifference to reports of sexual misconduct[1] (2) that created a heightened risk of sexual harassment that was known or obvious (3) in a context subject to the University's control, and (4) as a result, Barlow suffered severe, pervasive, and objectively offensive harassment that deprived her of access to the educational opportunities or benefits provided by the University. *Id.* at 1112. Deliberate indifference requires more than mere negligence, laziness, or carelessness. *Oden v. N. Marianas Coll.*, 440 F.3d 1085,

---

[1]    In *Karasek* we noted that a defendant's policy of deliberate indifference to reports of sexual misconduct was not necessarily the only type of policy that could give rise to Title IX liability but declined to speculate as to what other policies might be actionable. 956 F.3d at 1112 n.5. Because Barlow only takes issue with the adequacy or inadequacy of the University's policy for responding to reports of Culhane's past sexual misconduct, we also decline to so speculate.

1089 (9th Cir. 2006).

Under Title IX, both a pre-assault claim and an "individual claim" include an element that involves "deliberate indifference," but the required showings are somewhat different. For an individual claim, the focus is on whether the university responded with deliberate indifference to an instance of harassment of which the university had actual knowledge. *See Karasek*, 956 F.3d at 1105. For a pre-assault claim, however, the focus is on whether the university maintained an official or de facto policy of deliberate indifference to reports of sexual misconduct or an obvious risk of sexual misconduct. *Id.* at 1112–13. Because a pre-assault claim requires a showing that the university intentionally violated Title IX by its own policy, there is no requirement that the university have actual knowledge of a specific instance of sexual misconduct. *Id*. at 1112.

Here, although Barlow brought a pre-assault claim, her evidence and arguments focus primarily on the University's investigation and discipline of Culhane. Viewed in the best light, Barlow's evidence at most shows that the University policies that permitted Culhane to transfer campuses were deficient; the evidence does not show that the University maintained those policies despite a known or obvious risk of sexual misconduct. On this record, no reasonable jury could conclude that the University was, as a matter of policy, deliberately indifferent to reports of sexual misconduct. *Cf. Simpson v. Univ. of Colo. Boulder*,

500 F.3d 1170, 1184 (10th Cir. 2007) (denying summary judgment for university where evidence could support findings that university refused to modify football-recruiting program despite obvious risk of sexual misconduct); *Karasek v. Regents of Univ. of Cal.*, 500 F. Supp. 3d 967, 985 (N.D. Cal. 2020) (allegations regarding university's use of informal process in high percentage of sexual misconduct cases and motive for doing so were, if true, sufficient to establish a de facto policy of deliberate indifference toward sexual misconduct on campus).

We therefore affirm the district court's grant of summary judgment on Barlow's Title IX claim.

**AFFIRMED** in part.